STATE OF IOWA, Appellee v. JOE CLARKE, Appellant.

No. 42934.

DECEMBER 17, 1935.

James B. Morris, for appellant.

Edward L. O'Connor, Attorney General, Walter F. Maley, First Assistant Attorney General, and Howard Hall, Assistant County Attorney, for appellee.

DONEGAN, J.—This appeal is presented to us by appellant's printed abstract of record and by printed briefs and arguments on behalf of the appellant and appellee. Appellant's brief contains three alleged assignments of error which utterly fail to comply with the rules of this court. The abstract purports to set out the instructions of the court in full, although there was apparently no exception to any of such instructions. It fails to set out either the verdict or the judgment thereon, although it does state that there was a verdict of guilty and that the defendant was sentenced to 25 years in the penitentiary.

The indictment charges the defendant with having committed the crime of malicious injury. It further alleges that, on the 31st day of December, 1922, he was convicted in the district court of Polk county, Iowa, of the crime of breaking and entering, and sentenced to the state reformatory at Anamosa, Iowa, for 10 years; and also that on the 21st day of February, 1927, he was convicted in the district court of Polk county, Iowa, of breaking and entering, and sentenced to the penitentiary at Fort Madison for a term of 10 years. No question is raised as to the conviction of the defendant of the crime of malicious injury with which he was charged, and the sole question presented by

this appeal has reference to the sufficiency of the proof to establish the former convictions with which he was charged, and thus authorize the imposition of the additional punishment provided by our statute.

Upon the trial of the case, the state introduced the records of the district court of Polk county, Iowa, showing that on December 23, 1921, a Joe Clarke was indicted for breaking and entering, and on December 31, 1922, was sentenced to serve 10 years in the reformatory at Anamosa; that on December 17, 1929, a Joe Clarke was indicted on the charge of breaking and entering, and on February 21, 1927, was committed to the state penitentiary at Fort Madison for 10 years; that on June 3, 1932, a Joe Clarke was indicted on the charge of breaking and entering, and on the 12th day of September, 1932, was sentenced to imprisonment in the Polk county jail for one year and fined $100 and costs. Further evidence was introduced, apparently for the purpose of identifying the defendant in this case as the same Joe Clarke referred to in the records of the district court of Polk county, Iowa. This evidence consisted of the testimony of Clarkson and Emrich, two detectives of the city of Des Moines. Clarkson testified that he asked the defendant how many times he had been down in the penitentiary, and "he (the defendant) said he had been in twice for breaking and entering"; that he asked the defendant if he did not do time in the county jail once for breaking and entering, and "he (the defendant) said yes." The witness was asked, "And he admitted three former occasions he had been found guilty of breaking and entering?" To which the witness answered, "He had been sentenced for breaking and entering." In answer to a question as to whether the defendant had told the witness "where he had been found guilty and plead guilty to three former convictions of breaking and entering," the witness answered, "He said they were all from Des Moines." The other witness, Emrich, stated that he heard Clarkson ask the defendant about his former conviction and that "he (the defendant) said he had been convicted three times, I believe it was, for breaking and entering."

There was the further evidence of B. H. Wright, deputy clerk of the district court of Polk county, Iowa, who stated that he had made an examination of the records of the district court of Polk county, Iowa, for the purpose of determining whether or not there had been any indictment returned against one Joe

Clarke, or Joe H. Clarke, and that he found no record of any such indictment except the three shown by the district court records introduced in evidence. We think the admissions of the defendant that he had been convicted three times previously in Polk county, Iowa, for the crime of breaking and entering, that he had been in the penitentiary twice for breaking and entering, and that he had been in the county jail once for breaking and entering, taken in connection with the records of the district court of Polk county, Iowa, showing three convictions of a Joe Clarke for breaking and entering, for one of which he was sentenced to the reformatory at Anamosa, for another of which he was sentenced to the state penitentiary at Fort Madison, and for the third of which he was sentenced to imprisonment in the Polk county jail, and when considered in connection with the further testimony of the deputy clerk of the district court of Polk county, Iowa, that he had searched the records for the purpose of learning what indictments had been returned against Joe Clarke and found no other such indictments except the three shown by the records introduced in evidence, were sufficient to identify the defendant in this case as being the same Joe Clarke whose convictions for breaking and entering on three separate and previous occasions were shown by the district court records of Polk county, Iowa. This evidence as to identity being thus sufficient to carry the case to the jury on that proposition, we find no error in the judgment entered by the district court, and it is therefore affirmed.—Affirmed.

KINTZINGER, C. J., and all Justices concur.